NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009
Decided February 4, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2079

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> KRISHNA RILEY, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07 CR 281 <br><br> Ruben Castillo, <br> *Judge.* |

**O R D E R**

Krishna Riley pleaded guilty, without the benefit of a plea agreement, to one count of attempting to possess with intent to distribute over 100 grams of heroin. *See* 21 U.S.C. §§ 846 and 841(a)(1). He received a sentence of 72 months' imprisonment, and the court ordered him to forfeit $27,500 seized at the time of his arrest, *see* 21 U.S.C. § 853. Riley's notice of appeal is timely, but his appointed counsel report that there are no potentially meritorious issues for appeal and therefore seek to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Riley to comment on counsel's motion, *see* CIR. R. 51(b), but he did not respond, so we review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel

inform us that Riley does not wish to withdraw his guilty plea, but rather wants to challenge his sentence, so counsel appropriately avoids any analysis of the voluntariness of the plea or the adequacy of the colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

In April 2007, an informant told agents of the Drug Enforcement Agency that someone named "Jay," later identified as Riley, wanted to purchase one-half of a kilogram of heroin from the informant. Over several recorded telephone calls, Riley arranged to meet with the informant and sell him heroin. Before the meeting, DEA agents searched the informant's car and placed inside it audio surveillance equipment and one-kilogram of imitation heroin. DEA agents arrested Riley after buying the fake heroin for $27,000 cash—cash that DEA agent's recovered at the time of the arrest. Riley was informed of his rights and then admitted that he intended to purchase the heroin and that the cash was his.

A probation officer prepared a presentence report calculating an offense level of 25 based on a base offense level of 28, *see* U.S.S.G. § 2D1.1(c)(6), less a 3-point reduction for acceptance of responsibility, *id*. § 3E1.1(a) and (b). The officer calculated four criminal history points, which yielded a criminal history category of III. At the sentencing hearing, Riley objected to the inclusion of one of the offenses used to calculate his criminal history, the sentencing court agreed, and his criminal history category was reduced to II. Riley did not object to the forfeiture order. Based on an offense level of 25 and a criminal history category of II, the court calculated a guidelines range of 63 to 78 months. The court considered the quantity of drugs involved in the offense, *see* 18 U.S.C. § 3553(a)(2)(A), the need for deterrence, *see id*. § 3553(a)(2)(B), and the need to protect the public, *see id*. § 3553(a)(2)(C) and sentenced Riley to 72 months.

We agree with counsel that any challenge to Riley's sentence would be frivolous. As counsel point out, the sentencing court agreed with Riley's only objection to the guidelines calculation, and there is no non-frivolous challenge that Riley could make to either his criminal history category or offense level calculations. We also agree with counsel that any challenge to the reasonableness of Riley's sentence would be futile. Riley's sentence, in the middle of the guidelines range, is presumptively reasonable, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2008), and the district court properly considered Riley's sentence in light of the factors in 18 U.S.C. § 3553(a), *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

We therefore GRANT counsel's motion to withdraw and DISMISS Riley's appeal.